**UNITED STATES of America**
**v.**
**Larry C. McBRIDE, Appellant.**

**UNITED STATES of America**
**v.**
**Kenneth E. RICHARDSON, Appellant.**

**Nos. 73–1286, 73–1287.**

United States Court of Appeals,
District of Columbia Circuit.

May 8, 1974.

Marsha E. Swiss, Washington, D. C. (appointed by this court), was on the brief for appellants.

Earl J. Silbert, U. S. Atty., with whom John A. Terry, John E. Drury, III, and William I. Martin, Asst. U. S. Attys., were on the brief for appellee.

---

**2.** Berrigan v. Sigler, 475 F.2d 918, 920 (1973) (Bazelon, C. J., concurring).

**3.** *Id.* at 920, 921.

Before BAZELON, Chief Judge, LEVENTHAL, Circuit Judge, and SOLOMON,* United States Senior District Judge for the District of Oregon.

PER CURIAM:

In these appeals the central issue is whether the conviction of appellant McBride for armed robbery must be reversed because of the testimony of Mrs. Mazie Jackson as to how she identified him from the Robbery Squad photograph books. The contention is that the identification is flawed as a matter of law because it was not made until she found, from an index in the back of the photograph book, that the subject's name was Larry McBride, previously given to her as the name of her assailant by a bystander at the scene of the offense.

The testimony of Mrs. Jackson was that she recognized the picture of appellant McBride as the gunman as soon as she came to the picture in the book; that this came after she had looked through many pictures, in two or three books (Tr. 9–10). However, before she announced her discovery she looked on a sheet stuck on the back page of the binder which listed all the numbers, each photograph having a number, and gave the names for each number. She saw the name of appellant McBride and called out to another victim, Mrs. Hill, and to her daughter, both of whom were also looking through the book in another room, "No need looking any further. I think I found him."

The trial judge struck any testimony of Mrs. Hill and the daughter as to their identification of the photograph on the ground of impermissible suggestiveness, in that they had been "tipped" by Mrs. Jackson. However, he permitted Mrs. Jackson to testify as to her photographic identification, ruling that it was not the product of impermissible suggestiveness and did not reflect an irreparable erroneous identification. He credited Mrs.

Jackson's testimony that she had picked out McBride's photograph before looking at the names in the back of the book, and that she made this photographic identification on the basis of her observation of McBride at the time of the robbery (the lighting conditions and time intervals having been such as to permit a firm identification).

■■■ The trial court's findings of independent source and of lack of taint of the photographic identification by her hearsay statement of the bystander are entitled to weight, having been based in significant measure on the complainant's demeanor as a witness. There was also other identification evidence by another witness, which had weaknesses taken by itself but which contributed to a conclusion that there was no likelihood of misidentification. We agree that overall there was no substantial likelihood of misidentification. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

However, we are troubled by the revelation that a witness brought to police headquarters to identify photographs may in fact be able to proceed backwards, from the name of a suspect that has been given to him. This generates issues of suggestiveness and additional problems that may in another case preclude testimony. We suggest that the police and their counsel review the situation with the prosecutor's office and seek to determine whether the index can be kept in such a way as to be unavailable to the persons called to make identification until after the photograph has been identified.

■ The conviction of appellants for assault with a dangerous weapon (counts 3 and 6 as to Richardson, and count 6 as to McBride) are vacated, because they are included in the convictions of armed robbery. In all other respects the judgments are affirmed.

So ordered.

* Sitting by designation pursuant to Title 28, U.S.C. § 294(d).